■ In the Matter of MICHAEL O'DETTE, Petitioner, v NEW YORK STATE UNIFIED COURT SYSTEM, Respondent. [969 NYS2d 2]—

Determination of respondent Deputy Chief Administrative Judge for the New York City Courts, dated March 6, 2012, which confirmed the report and recommendation of a judicial hearing officer (JHO) finding petitioner, a senior court officer, guilty of misconduct and terminating his employment, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan B. Lobis, J.], entered July 9, 2012), dismissed without costs.

Substantial evidence supports respondent's determination that petitioner engaged in the misconduct alleged (*Matter of Nelke v Department of Motor Vehs. of the State of N.Y.*, 79 AD3d 433 [1st Dept 2010]). Petitioner's argument that his conduct was involuntary because it was the result of illnesses, Tourette's Syndrome and obsessive-compulsive disorder, from which he suffers, and therefore does not constitute misconduct is unavailing. The JHO found that petitioner's conduct was only partially attributable to these disorders. To the extent that his conduct was attributable to his illness, the law does not immunize dis-

abled employees from discipline or discharge for incidents of misconduct in the workplace (*Hazen v Hill Betts & Nash, LLP*, 92 AD3d 162, 170-171 [1st Dept 2012], *lv denied* 19 NY3d 812 [2012]).

Petitioner's claim that, even if the determination is supported by substantial evidence, he is entitled to back pay under the governing agreement, was not presented to or resolved by the agency. Accordingly, petitioner's failure to exhaust his administrative remedies precludes this Court's review of this claim (*see Clark v New York City Tr. Auth.*, 46 AD3d 360 [1st Dept 2007], *lv denied* 10 NY3d 706 [2008], *cert denied* 555 US 1012 [2008]).

Under the circumstances, the penalty of termination is not "so disproportionate as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Concur—Renwick, J.P., Manzanet-Daniels, Gische and Clark, JJ.